The STATE of Ohio, Appellee,

v.

FLEMING, Appellant.

[Cite as *State v. Fleming* (1996), 114 Ohio App.3d 294.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15148.

Decided Sept. 27, 1996.

*Carley J. Ingram,* Montgomery County Assistant Prosecuting Attorney, for appellee.

*Victor A. Hodge,* for appellant.

---

FAIN, Judge.

Defendant-appellant Calvin N. Fleming appeals from his conviction and sentence for abduction. Fleming contends that the trial court erred by instructing the jury concerning abduction as a lesser included offense of kidnapping; Fleming also contends that the jury instructions on abduction were erroneous. We agree with Fleming that abduction is not a lesser included offense of kidnapping, the offense with which he was charged. Accordingly, we agree that the trial court erred when it submitted abduction to the jury as a lesser included offense of kidnapping. Fleming's conviction and sentence for Abduction is reversed, and Fleming is discharged as to that offense. In all other respects, the judgment of the trial court is affirmed.

Fleming was charged by indictment with aggravated robbery with a deadly weapon, robbery, and kidnapping. Over Fleming's objection, the jury was instructed concerning abduction, as a lesser included offense of kidnapping. The jury found Fleming not guilty of aggravated robbery but guilty of theft, not guilty of robbery but guilty of theft, and not guilty of kidnapping but guilty of abduction. In his appeal, Fleming is challenging the propriety only of the abduction conviction.

One of the two theft offenses involved a victim by the name of Adam Barnes and is of no concern to this appeal.

The events leading to Fleming's conviction for abduction involved a victim by the name of Charles Nebolsky. The facts concerning that encounter are set forth in the state's brief as follows:

"Nebolsky testified that he is a field service engineer for a company based in Indianapolis, and that he travels to Dayton on business several times a month. One evening in late October, 1994, having finished his work at Delco–Moraine, Nebolsky rested in his car for a while in a parking lot at a McDonald's restaurant before driving home to Indiana. He planned to eat at Izzy's before leaving Dayton, but needed to get money first. He stopped at an automatic teller machine on First Street in downtown Dayton. He was unable to use the ATM from his car, so he pulled just past the terminal and walked back to it. Nebolsky

had just entered his personal identification number when the man he later identified as Calvin Fleming approached him from behind. Fleming told him a story involving children and a broken-down car. Fleming said that he didn't have his wallet with him, but he was a special investigator for Wright Patterson Air Force Base, and he was allowed to access his own bank account using someone else's ATM card and PIN. To prove it, he wrote something on a deposit envelope, pushed past Nebolsky, inserted the envelope in the ATM and punched in a request for $100. The ATM spit out $100 in cash, which Fleming grabbed. He did not let Nebolsky see the receipt for the transaction, but immediately entered a request for another withdrawal of $100. This time Nebolsky grabbed the money, but Fleming snatched it away. Nebolsky retained the receipt, however, and was upset to see that the money had come from his own account. He protested to Fleming that he had three kids to take care of. The two men argued about whose account the money had come from.

"Fleming told Nebolsky that if he calmed down no one would get hurt, but he wanted to take him some place. When Nebolsky refused, Fleming pushed his jacket aside to reveal what Nebolsky believed was a gun. Fleming told him to get in the car and calm down. Fleming also got in the car despite Nebolsky's protests. Nebolsky, frightened, reached for a pocket knife he kept in the car. Fleming jabbed something hard into Nebolsky's ribs, and told him to drop the knife. Fleming directed him to drive down a dark alley to a phone booth. He ordered Nebolsky to stand outside of the car while he made his call. Nebolsky got out of the car, but got right back in and fled as soon as Fleming started to dial. He returned to the ATM, checked his account balance, and withdrew the $10 he originally meant to get before he encountered Fleming. He then drove to the police department and reported the crime."

At trial, Fleming admitted that he had run a scam on Nebolsky. He asserted that he did not have a gun, and he denied having a gun or using any force against Nebolsky. He did admit to having deposited a phantom $2,000 in Nebolsky's account in order to withdraw $200.

The state requested that the jury be instructed concerning abduction as a lesser included offense. Over Fleming's objection, that instruction was given. The jury found Fleming not guilty of kidnapping, but guilty of abduction. From his conviction and sentence for abduction, Fleming appeals.

Fleming's first assignment of error is as follows:

■ "The trial court erred in instructing the jury on abduction as a lesser included offense of kidnapping."

■ The test for whether one offense is a lesser included offense of another offense is set forth in *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, in paragraph three of the syllabus:

"An offense may be a lesser included offense of another if, (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."

Fleming contends that, as statutorily defined, abduction flunks the second test under *Deem.* We agree.

R.C. 2905.01(A)(2), under which Fleming was indicted, provides as follows:

"No person, by force, threat, or deception * * * shall remove another from the place where he has found or restrain him of his liberty, for any of the following purposes:

" * * *

"(2) To facilitate the commission of any felony or flight thereafter * * *."

"Abduction" is defined in R.C. 2905.02(A) as follows:

"No person, without privilege to do so, shall knowingly do any of the following:

"(1) By force or threat, remove another from the place where he is found;

"(2) By force or threat, restrain another of his liberty, under circumstances which create a risk of physical harm to the victim, or place him in fear."

Thus, as statutorily defined, kidnapping may be committed entirely by means of deception. An example would be where A, wishing to burglarize B's house, knocks at B's door and tells B that B's wife has been seriously injured in a car crash, and that A is willing to take B straight to the emergency room where doctors are working on B's wife. At the hospital, A drops B off and departs. B quickly discovers that his wife is not a patient at the hospital. By the time he returns home, he discovers that A's confederates have ransacked his house. No force or threat of force was used, but deception was surely used to remove B from the place where he was found for the purpose of committing a burglary. This would be kidnapping.

However, abduction, as statutorily defined, cannot be committed by means of deception. It can only be committed by means of force or threat. Thus, in the example given, A has committed the offense of kidnapping, but not the offense of abduction. It necessarily follows that the second test set forth in *Deem, supra,* is not satisfied, because the greater offense, kidnapping, can, *as statutorily defined,*

be committed without the lesser offense, abduction, as statutorily defined, also being committed.

See *State v. Grant* (1993), 67 Ohio St.3d 465, 475, 620 N.E.2d 50, 63–64, where it was held that because aggravated murder can be committed in nine different ways, only one of which involves the commission of the offense of aggravated arson, the second test of *Deem, supra,* is not satisfied, and aggravated arson is not a lesser included offense of aggravated murder. In other words, the mere fact that there are ways that the greater offense can be committed that would also involve committing the lesser offense is not sufficient to satisfy the second *Deem* test—there must be no way that the greater offense can be committed without also committing the lesser offense. Because kidnapping can be committed by means of deception, whereas abduction cannot, it necessarily follows that the offense of kidnapping, as statutorily defined, can be committed without the offense of abduction, as statutorily defined, also being committed.

The state has cited a number of cases in which courts of appeals in this state have opined that abduction is a lesser included offense of kidnapping. These are *State v. Simmons* (Dec. 20, 1995), Scioto App. No. 94–CA–2281, unreported, 1995 WL 754071; *State v. Moman* (June 20, 1996), Adams App. No. 491, unreported; and *State v. Waldon* (Nov. 7, 1991), Cuyahoga App. No. 59596, unreported, 1991 WL 232126. In each of these cases, although the court of appeals did state, without providing any reasoning, that abduction is a lesser included offense of kidnapping, the court went on to conclude that the evidence in the case before it did not warrant a factual finding that the defendant had committed the lesser offense without committing the greater offense, and held that the trial court's refusal to give an instruction on abduction was not reversible error. In other words, in each of these cases the appellate court's observation that abduction is a lesser included offense of kidnapping was dictum, since it was not necessary to the holding. We have the utmost respect for our sister courts in the Fourth Appellate District and the Eighth Appellate District, but we can see no way around the second prong of the *Deem* test. It cannot be said that kidnapping, as statutorily defined, can never be committed without also committing abduction, as statutorily defined. Therefore, abduction is not a lesser included offense of kidnapping.

Fleming also makes an argument that differences in the requisite culpability states for the two offenses preclude abduction being a lesser included offense of kidnapping, but we find it unnecessary to address that argument.

Fleming's first assignment of error is sustained.

Fleming's second assignment of error is as follows:

"The trial court's jury instructions on the offense of abduction were erroneous."

We find it unnecessary to address this assignment of error in view of our disposition of Fleming's first assignment of error. Accordingly, Fleming's second assignment of error is overruled as moot.

Fleming's first assignment of error having been sustained, his conviction and sentence for abduction are reversed, and he is discharged as to that offense. In all other respects, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN, P.J., and GRADY, J., concur.