OPINION
On October 2, 1998, the Fairfield County Grand Jury indicted appellant, Kip K. Klages, on two counts of kidnapping in violation of R.C. 2905.01(A)(3) and (B) and one count of felonious assault in violation of R.C. 2903.11. Said charges stemmed from an incident involving appellant's girlfriend, Nikita Conrad. A jury trial commenced on May 4, 1999. Appellant requested a jury instruction on the lesser included offense of abduction. The trial court denied the request. The jury found appellant guilty as charged. By judgment entry filed May 27, 1999, the trial court sentenced appellant to a total aggregate term of four years in prison. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I. WHERE, AS HERE, THE EVIDENCE PRESENTED AT TRIAL (IF BELIEVED BY THE JURY) IS SUFFICIENT TO SUPPORT A VERDICT OF EITHER KIDNAPPING OR ABDUCTION, AND WHERE NO EVIDENCE OR CLAIM IS MADE BY THE STATE THAT THE CRIME WAS COMMITTED BY MEANS OF DECEPTION, IT IS REVERSIBLE ERROR TO REFUSE TO ISSUE A JURY INSTRUCTION REQUESTED BY DEFENDANT'S COUNSEL THAT ABDUCTION AS A LESSER INCLUDED OFFENSE OF KIDNAPPING.
II. AN APPELLATE COURT SHALL NOT ABDICATE ITS RESPONSIBILITY TO ENTER JUDGMENT OF ACQUITTAL WHEN AN EXAMINATION OF THE ENTIRE RECORD LEADS TO A DETERMINATION THAT THE EVIDENCE PRODUCED FAILS TO ATTAIN THE HIGH DEGREE OF PROBATIVE FORCE AND CERTAINTY REQUIRED OF A CRIMINAL PROSECUTION, AND SUCH EVIDENCE IS THUS LEGALLY INSUFFICIENT TO SUSTAIN A CONVICTION.
 I.
Appellant claims the trial court erred in refusing to instruct the jury on abduction as a lesser included offense of kidnapping. We disagree. Prior to the jury being charged, appellant requested a jury instruction on abduction as a lesser included offense of kidnapping. T. at 355-357. The trial court denied the request citing this court's decision in State v. Nickol (April 19, 1999), Fairfield App. No. 98CA43, unreported. T. at 356-357. In Nickol at 7, this court specifically found the following: Upon application of the Deem [State v. (1988), 40 Ohio St.3d 205] test, we find abduction is not a lesser included offense of kidnapping. As statutorily defined, kidnapping, but not abduction, may be committed entirely by means of deception. Because kidnapping can be committed without abduction also being committed, the second prong of the Deem test is not satisfied. See, State v. Fleming (1996), 114 Ohio App.3d 294.
Based upon this decision, we find the trial court did not err in refusing to instruct the jury on abduction as a lesser included offense of kidnapping. Assignment of Error I is denied.
 II.
Appellant claims the evidence was insufficient to support the convictions. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172,175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. Appellant was convicted of kidnapping in violation of R.C. 2905.01(A)(3) and (B) and felonious assault in violation of R.C. 2903.11 which state as follows: § 2905.01 Kidnapping. (A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
* * *
 (3) To terrorize, or to inflict serious physical harm on the victim or another;
 (B) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall knowingly do any of the following, under circumstances that create a substantial risk of serious physical harm to the victim or, in the case of a minor victim, under circumstances that either create a substantial risk of serious physical harm to the victim or cause physical harm to the victim:
* * *
(2) Restrain another of his liberty;
§ 2903.11 Felonious assault.
(A) No person shall knowingly:
(1) Cause serious physical harm to another or to another's unborn.
 (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
Appellant was charged and convicted under two sections of the kidnapping statute. The first count alleged appellant restrained Ms. Conrad "with purpose to terrorize or inflict serious physical harm." The second count alleged appellant "knowingly, under circumstances creating a substantial risk of serious physical harm" restrained Ms. Conrad "by force, threat or deception." Appellant was also convicted of felonious assault. The facts relative to these three counts come from the victim, Ms. Conrad. At the time of the incident, Ms. Conrad and appellant were living together. T. at 62-63. Ms. Conrad testified that when she returned home from the hospital on June 15, 1998 and placed her key in the door, appellant grabbed her, pulled her into the apartment and threw her to the floor. T. at 75. Appellant then struck Ms. Conrad about the head, torso and legs with his fists and feet. T. at 77. Appellant continued to strike, kick and verbally berate Ms. Conrad over the next two days. T. at 78. Ms. Conrad would lose consciousness and awaken to discover that appellant had moved her. T. at 79. Appellant tried to bathe and nurse Ms. Conrad between the attacks. T. at 79, 86. Ms. Conrad testified she felt she had no means of escape from the apartment because she was in the bedroom most of the time and there was only one exit "and he would always seem to be between me and the front door." T. at 80. Ms. Conrad stated appellant always seemed to be awake when she was conscious. T. at 79-80. On the second day of the assaults, appellant forced Ms. Conrad to accompany him to court for an appearance. T. at 80. Appellant made Ms. Conrad wear a long sleeved shirt and a pair of jeans to cover up the bruises. T. at 82. Ms. Conrad explained she did not seek help or assistance at the courthouse because she was ashamed and had been browbeaten into submission by appellant. T. at 84. After their return to the apartment, appellant continued with the hitting, kicking and berating. T. at 85. On the third day, Ms. Conrad convinced appellant to take her to Saint Vincent DePaul where her mother worked so that she could use the telephone to call Metropolitan Housing. T. at 87-89. Again, appellant made Ms. Conrad wear a long sleeved shirt and a pair of jeans. T. at 89. On the way to Saint Vincent DePaul, appellant concocted a story to explain the bruising and limping in case anyone asked any questions. T. at 90-91. Appellant told Ms. Conrad "to stick to the story of how I had fallen off of my friend's porch." T. at 91. After being questioned by her mother, Ms. Conrad admitted that appellant had hit and kicked her. T. at 93-94. Thereafter, Ms. Conrad's mother called the police. T. at 95. Appellant testified and denied everything. T. at 275, 278-279, 282, 302-303. Appellant stated when Ms. Conrad returned home from the hospital, she was "high as a kite * * * [s]he couldn't walk, slurred speech." T. at 275. Appellant testified Ms. Conrad "fell flat on her face" and "constantly fell in the bathroom and the bedroom." T. at 277. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. Apart from the testimony of Ms. Conrad and appellant, two medical doctors testified. Dr. James Parker, a neurologist who treated Ms. Conrad for headaches, diagnosed Ms. Conrad with "post-traumatic migraine." T. at 161. Dr. Parker explained that means "migraine headaches following head injury." Id. Dr. Parker attributed the headaches to "the head injury sustained in June, 1998." T. at 163. Dr. Russell Rudy, the physician who examined Ms. Conrad in the emergency room, testified Ms. Conrad's multiple injuries "were consistent with being battered and this was not accidental trauma." T. at 189. Ms. Conrad's long term injuries consist of migraine headaches from the blows to her head and discoloration of her upper arm and thigh due to the bruising. T. at 98-99, 106-107. Based upon the facts outlined above, we find sufficient evidence, if believed, to support appellant's convictions and no manifest miscarriage of justice. Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
By FARMER
J. GWIN, P.J. and MILLIGAN, V.J. concur.