This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Loomis Williams, Jr. has appealed from his convictions in the Summit County Common Pleas Court for aggravated robbery, kidnapping, having a weapon while under disability and receiving stolen property. While the charges of aggravated robbery and kidnapping each had attached a repeat violent offender specification, every count was coupled with a firearm specification. This Court affirms.
 I.
On January 19, 1998, Defendant entered Annelle's Jewelry Store in Bath, Ohio. Ann Lydic, the owner, was the only individual in the store. Defendant proceeded to the back of the store and around the counter where he grabbed Ms. Lydic, ordered her to the floor and shouted, "Don't move. Don't move."
Defendant then moved to the jewelry cases and attempted to open them. Finding them locked, Defendant tied Ms. Lydic's arms behind her back with a scarf and retrieved her keys. Unable to determine which keys opened the cases, he pulled a gun from underneath his blazer jacket and smashed the glass counters.[1] He then removed numerous items of jewelry and placed them in his duffel bag.
Meanwhile, Ms. Lydic had triggered the store's silent alarm. Upon realizing this, Defendant quickly left the premises. Outside, Bath Township Police Officers Clar and Borton attempted to arrest Defendant and gave chase. However, Defendant quickly lost his pursuers.
The subsequent investigation into this incident led law enforcement officials to Florida, where they discovered a pawn shop that had sold a large amount of jewelry fitting the description of the stolen goods. An employee identified Defendant, who was then arrested.
Thereafter, Defendant was indicted on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), one count of kidnapping, in violation of R.C. 2905.01(A)(1) and/or (2), one count of receiving stolen property, in violation of R.C. 2913.51(A), and one count of having a weapon while under disability, in violation of R.C. 2923.13(A)(2). To the aggravated robbery and kidnapping charges were attached repeat violent offender specifications, pursuant to R.C. 2941.149, and each of the four counts had a firearm specification under R.C. 2941.145
attached.
The matter proceeded to a jury trial on March 8, 1999. The jury returned a verdict of guilty on all counts, and after Defendant was given a hearing, the trial court found him to be a repeat violent offender. The trial court sentenced Defendant to consecutive, maximum terms on each count. The sentences for the repeat violent offender specifications were merged, as were the sentences for the firearm specifications. Defendant has appealed, asserting three assignments of error.
 II. First Assignment of Error There was insufficient evidence as a matter of law to sustain the convictions for aggravated robbery, having a weapon under disability, and for the four firearm specifications, as there was no evidence presented at trial that the alleged handgun was operable, and no evidence that [Defendant] ever displayed, brandished, indicated possession of, or used the alleged handgun in the commission of any of the offenses charged.
In his first assignment of error, Defendant has essentially raised two arguments: (1) that the State presented insufficient evidence to convict him for aggravated robbery and having a weapon while under disability and their adjacent firearms specifications because he never displayed, brandished or indicated possession of a gun during the robbery; and (2) that the State presented insufficient evidence to support the four firearm specifications because no evidence was presented as to whether the gun was operable. After setting forth the proper standard of review, this Court will address each point in turn.
To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 386
("`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.").
Turning to the first argument, Defendant has argued that the evidence submitted at trial fails to satisfy the elements of aggravated robbery, having a weapon under disability and the firearm specifications. Aggravated robbery is a violation of R.C. 2911.01, which provides:
 (A) No person, in attempting or committing a theft offense, * * *, or in fleeing immediately after the attempt or offense, shall do any of the following:
 (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]
(Emphasis added). Defendant was also charged with having a weapon while under disability, in violation of R.C. 2923.13, which provides:
 (A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly
acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
* * *
 (2) The person is under indictment for or has been convicted of any felony offense of violence[.]
(Emphasis added.). Finally, Defendant has challenged the four firearm specifications under R.C. 2941.145(A). That section provides, in pertinent part:
 Imposition of a three-year mandatory prison term upon an offender under division (D)(1)(a) of section 2929.14
of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense.
(Emphasis added.)
At trial, the State submitted a surveillance video of the jewelry store, taped during the robbery on January 19, 1998. A review of that video demonstrates that Defendant pulled a gun from underneath his blazer jacket and used it to smash the glass jewelry counter. Moreover, Defendant stipulated to his previous violent, felony convictions. Thus, this Court concludes that there was sufficient evidence to support the convictions for aggravated robbery and having a weapon while under disability. This Court further concludes that there was sufficient evidence to support the firearm specifications to the extent of Defendant's challenge regarding whether he had a firearm on or about his person while committing the offense and used it to facilitate the offense. Accordingly, Defendant's first argument must fail.
This Court also rejects Defendant's second argument. He has claimed that no direct or circumstantial evidence was presented at trial to establish or even support an inference that the gun was operable. The State has responded, claiming that the totality of the circumstances in this case warrant the firearm specification.
A firearm is defined as "any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant." R.C. 2923.11(B)(1). It may be operable at the time of the offense or at least readily rendered operable. Id. "When determining whether a firearm is capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant, the trier of fact may rely upon circumstantial evidence[.]" R.C. 2923.11(B)(2). In this vein, Ohio caselaw dictates that courts must evaluate the evidence of a firearm's operability by examining the totality of the circumstances. See State v. Murphy (1990),49 Ohio St.3d 206, 208. This Court has previously determined that "[i]n cases such as this where no shots were fired and the firearm was never recovered, circumstantial evidence such as the `representations and actions of the individual exercising control over the firearm' are of crucial importance." State v. McElrath (1996), 114 Ohio App.3d 516,519. In short, "the implicit threat of brandishing a firearm" supports an inference that the firearm was operable." See McElrath,114 Ohio App.3d at 519-520.
In the present case, Defendant forced Ms. Lydic to floor, ordered her not to move and then tied her arms behind her back. He then pulled the gun from underneath his blazer, displayed and used it to facilitate his robbery. Such circumstances warrant an inference of operability. Therefore, after viewing the evidence in a light most favorable to the State, this Court concludes that any rational trier of fact could have found that the gun was operable beyond a reasonable doubt. Defendant's second argument is without merit, and his first assignment of error is overruled.
 Second Assignment of Error The trial court erred in denying [Defendant's] request for an instruction on abduction as a lesser included offense of kidnapping.
For his second assignment of error, Defendant has claimed that the trial court erred in refusing to instruct the jury on abduction as a lesser-included offense of kidnapping. This Court disagrees.
An offense is a lesser-included offense of another if (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense. State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus.
Defendant was indicted on kidnapping, in violation of R.C. 2905.01(A)(2) or (3), which provides:
 No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
* * *
 (2) To facilitate the commission of any felony or flight thereafter;
 (3) To terrorize, or to inflict serious physical harm on the victim or another[.]
In his argument, however, Defendant has invoked abduction, a violation of R.C. 2905.02. That section provides:
 (A) No person, without privilege to do so, shall knowingly do any of the following:
 (1) By force or threat, remove another from the place where the other person is found;
 (2) By force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear[.]
Upon application of the Deem test, this Court holds that abduction is not a lesser-included offense of kidnapping. As both the Second and Fifth District Court of Appeals have observed, kidnapping, as statutorily defined, may be committed entirely by means of deception whereas abduction cannot. See State v. Fleming (1996), 114 Ohio App.3d 294,298, and State v. Nickol (Apr. 19, 1999), Fairfield App. No. 98CA43, unreported. As a result, one cannot say that kidnapping can never be committed without also committing abduction. Fleming,114 Ohio App.3d at 298; Nickol, supra. Hence, abduction is not a lesser-included offense of kidnapping. Defendant's second assignment of error is overruled.
 Third Assignment of Error The trial court erred in denying [Defendant's] motion for merger of the sentences for aggravated robbery and kidnapping, as these offenses under the circumstances constituted allied offenses of similar import pursuant to R.C. 2941.25.
In his third assignment of error, Defendant has argued that kidnapping and robbery are allied offenses and that, as a result, the trial court erred by not merging his sentences for aggravated robbery and kidnapping. Specifically, he has claimed that the restraint of Ms. Lydic was incidental to his commission of the robbery because he did not transport her, the restraint was not prolonged and there was no evidence of threatened harm.
The Ohio Supreme Court has held that the elements of alleged allied offenses are to be compared in the abstract, overruling prior cases and language to the contrary. State v. Rance (1999), 85 Ohio St.3d 632, paragraph one of the syllabus. Under Rance, a court should align the elements of each crime in the abstract, to determine whether the statutory elements of the crimes correspond to such a degree that "the commission of one crime will result in the commission of the other." (Citation omitted) Id. at 638. "If the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus." Id. at 638-639.
The Ohio Supreme Court has held that implicit within every robbery is a kidnapping because a defendant must restrain a victim for a sufficient amount of time to complete the robbery. State v. Logan (1979),60 Ohio St.2d 126, 131-132. However, the elements of these two crimes do not correspond to such a degree that the commission of one necessarily results in the commission of the other. Indeed, the Ohio Supreme Court has observed that a defendant may restrain his or her victim so substantially as to commit two separate crimes. See id. at 132. Thus, in order to affirm the finding of a separate animus for convictions of kidnapping and aggravated robbery, this Court must consider whether the restraint of movement is substantial so as to demonstrate a significance independent of the other offense. Id. at syllabus. Finally, this Court would add that a separate animus to each offense exists if the restraint subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying offense. Id.
In this case, there were two different restraints of the victim's movement. Defendant initially grabbed Ms. Lydic's arms, forced her to the floor and ordered her not to move. This allowed Defendant to proceed to the jewelry cases. The second restraint occurred when Defendant, finding he was unable to open the glass chests, tied Ms. Lydic's arms behind her back with a scarf. This second restraint was necessary to obtain Ms. Lydic's keys. This Court has held that, during an armed robbery, when a perpetrator ties his or her victim's arms and hands, two separate crimes have transpired, to wit: kidnapping and aggravated robbery, and that separate animus for each exists. See State v.Reynolds (July 10, 1996), Summit App. No. 16845, unreported. Thus, the trial court did not incorrectly sentence Defendant separately on those counts. Defendant's third assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
 FOR THE COURT
BAIRD, P. J., SLABY, J., CONCUR.
[1] The gun was never produced by the State during the trial for this case.