**[Cite as *State v. Merz*, 2021-Ohio-2093.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200152 |
| | | TRIAL NO. B-1905571 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| VS. | | |
| | : | |
| HERBERT MERZ, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: June 23, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *H. Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Krista Gieske*, Assistant Public Defender, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} A day that began with anticipation—a 15th-birthday adventure to search for arrowheads—ended in terror as a young girl's stepfather secluded her in the woods and sexually assaulted her. Fortunately, she fended off his advances and called the police, and defendant-appellant Herbert Merz ultimately pleaded guilty to gross sexual imposition and abduction arising out of this attack. On appeal, Mr. Merz primarily argues that his two convictions should have merged as allied offenses because any restraint was incidental to the sexual assault. After reviewing the law and the record, we agree and remand this cause to the trial court for resentencing.

I.

{¶2} Mr. Merz offered to take his stepdaughter, on the evening of her 15th birthday, to a "special place" to look for arrowheads. He then drove her to a secluded, wooded area along the Ohio River, even venturing past a driveway marked as "no trespassing." Soon after the two arrived and exited his van, however, Mr. Merz began kissing his stepdaughter on the neck. She demanded that he stop, but Mr. Merz responded by pushing her onto the front passenger seat where he forced himself on top of her and began to grope her.

{¶3} The stepdaughter continued to resist, prompting Mr. Merz to strike her several times, inflicting bruises on her neck and arms. Amazingly, she managed to fight him off, push him out of the van, and lock herself in the vehicle. She then grabbed her phone and summoned the police, at which point Mr. Merz scampered into the woods. But because the location was so isolated, it took police 40 minutes to find her. Officers then used search dogs to track down Mr. Merz, finding him

wandering about muddy and barefoot, insisting that he had blacked out and thus had no recollection of what transpired—a claim he maintained throughout the case.

{¶4} The state charged Mr. Merz with attempted rape, gross sexual imposition (GSI), and abduction. But in exchange for pleading guilty to the GSI and abduction counts, the state dropped the attempted-rape charge. The trial court accepted Mr. Merz's guilty pleas and asked the stepdaughter to provide a victim-impact statement detailing her trauma, which also highlighted the bruising on her neck and arms from the assault.

{¶5} The trial court ultimately imposed maximum sentences for both offenses—18 months for the GSI and 36 months for the abduction. The court also ordered that Mr. Merz serve the sentences consecutively, for a total sentence of 54 months. On appeal, Mr. Merz presents three assignments of error, first arguing that the trial court committed plain error by not merging his GSI and abduction offenses. His second and third assignments of error challenge the trial court's imposition of maximum and consecutive sentences.

II.

{¶6} The United States and Ohio Constitutions contain Double Jeopardy Clauses, which protect citizens from multiple prosecutions or punishments for the same offense. *State v. Pendleton*, 163 Ohio St.3d 114, 2020-Ohio-6833, 168 N.E.3d 458, ¶ 8. *See* Ohio Constitution, Article I, Section 10 ("No person shall be twice put in jeopardy for the same offense."); Fifth Amendment to the U.S. Constitution ("No person shall * * * be subject for the same offence to be twice put in jeopardy of life or limb * * * ."). As a result, " 'where two statutory provisions proscribe the "same offense," they are construed not to authorize cumulative punishments *in the absence*

3

*of a clear indication of contrary legislative intent.'* " (Emphasis sic.) *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 11, quoting *Whalen v. United States*, 445 U.S. 684, 692, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). However, where the statute creating the offense does not illuminate the General Assembly's intent on whether multiple punishments should be imposed, we look to R.C. 2941.25 for guidance. *Pendleton* at ¶ 11. And R.C. 2941.25 generally requires a trial court to merge allied offenses when they are of similar import, were committed together, and were motivated by the same animus. *See State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 74; *see also Ruff* at paragraph three of the syllabus.

{¶7} Mr. Merz invokes these double-jeopardy protections in his first assignment of error, characterizing his GSI and abduction convictions as allied offenses that should have triggered merger. However, Mr. Merz failed to object at sentencing, leaving us to review the matter for plain error. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3 ("An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error * * * ."). "For this court to reverse on plain error, we must find that (1) there was an error, (2) the error was plain, i.e., an obvious defect in the trial court proceedings, and (3) the error affected substantial rights, i.e., it affected the outcome * * * ." *State v. Burgett*, 2019-Ohio-5348, 139 N.E.3d 940, ¶ 30 (1st Dist.), citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Because the requirement to merge allied offenses is "mandatory, not discretionary," *see State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 26, failure to do so necessarily affects a substantial right. For this reason, "[t]he Ohio Supreme Court has recognized that the failure of the trial court to account for allied offenses, when it

4

is clear from the record that multiple offenses are allied offenses of similar import under R.C. 2941.25, is plain error." *State v. Peck*, 7th Dist. Mahoning No. 12 MA 205, 2013-Ohio-5526, ¶ 14, citing *Underwood* at ¶ 31. Thus, to prevail on a claim of plain error, Mr. Merz must show that it is obvious on the record that he has been convicted of allied offenses. In other words, he must "demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus * * * ." *Rogers* at ¶ 3.

{¶8} Furthermore, we note that the question of whether multiple offenses should merge cannot be answered with "bright-line rule[s]." *Ruff* at ¶ 30. Merger poses a fact-intensive inquiry, requiring the court to review the entire record, including arguments and evidence presented at the plea or sentencing hearing. *See id.* at ¶ 26 ("At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import."). And defendants ultimately bear the burden of demonstrating their entitlement to having offenses merged. *See State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 18 ("We have consistently recognized that 'the defendant bears the burden of establishing his entitlement to the protection, provided by R.C. 2941.25, against multiple punishments for a single criminal act.' "), quoting *State v. Mughni*, 33 Ohio St.3d 65, 67, 514 N.E.2d 870 (1987).

{¶9} Returning to Mr. Merz's challenge, we must affirm the trial court's decision not to merge his GSI and abduction offenses "if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the

offenses were committed with separate animus." *Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at paragraph three of the syllabus. And "[a] reviewing court may end its analysis upon finding that any one of the three applies." *State v. Lee*, 1st Dist. Hamilton No. C-190149, 2020-Ohio-944, ¶ 6.

{¶10} Both parties focus their attention on the final—and most relevant—*Ruff* consideration: whether Mr. Merz harbored a separate animus for the two offenses. "Animus" means " 'purpose, or more properly, immediate motive' and 'requires us to examine the defendant's mental state in determining whether two or more offenses may be chiseled from the same criminal conduct.' " *Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, at ¶ 86, quoting *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979). "We determine the animus, one's immediate motive or purpose, by dissecting the facts and circumstances in evidence, including the means used to commit the offense." *Id.*

{¶11} In fashioning their respective arguments, the parties feature *Logan*, which provided guidelines for "whether kidnapping and another offense of the same or similar kind" share a separate animus. *Logan* at the syllabus. In simplistic terms, the *Logan* guidelines examine the significance of the restraint or movement of the victim: whether it was "merely incidental" to the other crime or whether it was substantial enough (either in execution or in increased risk) that it attains independent significance. *See id.* at the syllabus.

{¶12} We recognize that *Logan* predates *Ruff*, which abrogated *Logan's* (and others) general approach to merger. *See Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at ¶ 15. However, "the *Logan* guidelines are still relevant to determining whether rape and kidnapping convictions merge." *State v. Grate*, Slip Opinion No.

6

2020-Ohio-5584, ¶ 108. Thus, despite not being convicted of rape or kidnapping, Mr. Merz argues that the *Logan* criteria mandate reversal because the restraint (abduction) of his stepdaughter was "merely incidental" to the sexual assault (GSI). As he points out, the Ohio Supreme Court has analogously commented that " 'implicit within every forcible rape * * * is a kidnapping.' " *State v. Winn*, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154, ¶ 23, quoting *Logan* at 130. For its part, the state effectively concedes that the abduction concurrent with the sexual assault should merge with the GSI. However, the state hypothesizes that an additional abduction occurred when Mr. Merz took his stepdaughter to the secluded area under the pretense of looking for arrowheads, thus achieving independent significance.

{¶13} To be sure, in the kidnapping context, using deceit to lure a victim into danger may constitute a separate animus. *See Grate* at ¶ 110 (holding that kidnapping by deception "was significantly independent from the asportation incidental to the rapes" where the perpetrator lured the victim into the house under the pretense of giving her clothes); *State v. Ware*, 63 Ohio St.2d 84, 87, 406 N.E.2d 1112 (1980) (holding that the perpetrator's offer to let the victim use his telephone "was an act of asportation by deception which constituted kidnapping, and which was significantly independent from the asportation incidental to the rape itself"). But we find *Grate* and *Ware* inapplicable to this case because Mr. Merz was not convicted of kidnapping; he was convicted of abduction. While kidnapping may be accomplished "by force, threat, *or deception*," (Emphasis added.) *see* R.C. 2905.01(A), abduction can be committed only "[b]y force or threat," *see* R.C. 2905.02(A). *See also State v. Fleming*, 114 Ohio App.3d 294, 297, 683 N.E.2d 79 (2d

7

Dist.1996) ("[A]bduction, as statutorily defined, cannot be committed by means of deception. It can only be committed by means of force or threat."). Furthermore, the state never alleged that any abduction occurred during the drive to the wooded area. Nor did it tender evidence suggesting that Mr. Merz coerced his stepdaughter into going on the excursion. Instead, the state alleged that Mr. Merz "knowingly by force or threat of force, restrained the liberty of [his stepdaughter]," and Mr. Merz's use of force occurred only during the sexual assault.

{¶14} Thus, to the extent that the *Logan* guidelines apply to abduction, it weighs heavily in favor of finding that the abduction here was "merely incidental" to the GSI. Furthermore, considering Mr. Merz's use of force, we conclude that he did not have a separate animus for the abduction offense because his immediate motive in restraining his stepdaughter was to sexually assault her. Not only does the state concede this on appeal, but it indicated as much below by charging Mr. Merz with abduction under R.C. 2905.02(B): "[n]o person, *with a sexual motivation*, shall" use "force or threat" to "restrain the liberty of another person." (Emphasis added.) R.C. 2905.02(B), referencing (A)(2). As a result, nothing in the record supports the notion that Mr. Merz committed the abduction with a separate animus from the GSI. *See State v. Pore*, 5th Dist. Stark No. 2011-CA-00190, 2012-Ohio-3660, ¶ 30, 35 (finding plain error for failure to merge kidnapping and rape where the defendant threatened the victim with knife, moved her to the bedroom to have her undress, moved her back to the living room to lock the front door, and finally moved her to the bedroom (again) to rape her); *State v. Bolton*, 8th Dist. Cuyahoga No. 96385, 2012-Ohio-169, ¶ 94 (finding that GSI and kidnapping should merge "because the movement of [the victim] from the hallway to her bedroom was incidental to the

crime of gross sexual imposition."); *see also State v. Small*, 5th Dist. Delaware No. 10CAA110088, 2011-Ohio-4086, ¶ 95 (finding plain error for failure to merge kidnapping and aggravated burglary because "the restraint and movement had no significance apart from facilitating the commission of the aggravated burglary.").

{**¶15**} Having answered the final *Ruff* question in the negative, we must also consider the first and second questions: whether the offenses were (1) of dissimilar import; or (2) committed separately. *Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at paragraph three of the syllabus. Offenses are of "dissimilar import * * * within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus. Here, there was one victim, so the question is only whether the two offenses caused separate and identifiable harm. However, the state does not allege that the abduction and GSI offenses inflicted different harm, nor do we see any indicia of separate harm after reviewing the record. None of the emotional and physical harm can be traced to one offense over the other. Thus, we conclude that the GSI and abduction offenses were not of dissimilar import based on a lack of separate and identifiable harm. *See, e.g., State v. Powih*, 2017-Ohio-7208, 97 N.E.3d 1, ¶ 42 (12th Dist.) ("[The victim] experienced the same type of physical and psychological harm from the commission of the abduction offense as she did the sex offenses—she suffered bruising and contusions and was 'shocked,' 'scared,' and 'fearful.' ").

{**¶16**} We can easily dismiss the remaining inquiry—whether Mr. Merz committed the offenses separately—because the offenses transpired simultaneously in the same location. The restraint occurred only during—and as part of—the sexual

assault, precluding any possibility that the two offenses were separately committed. *See State v. Louis*, 2d Dist. Montgomery No. 27909, 2020-Ohio-951, ¶ 62 (holding that kidnapping and GSI were not committed separately where the perpetrator grabbed the victim's arm to prevent her from leaving the basement and then sexually assaulted her); *Powih* at ¶ 7, 43 (holding that abduction and rape offenses were not committed separately where the perpetrator shut the door to the room and then restrained and raped the victim).

{¶17} Applying the law to the record before us, we are constrained to find that Mr. Merz's abduction of his stepdaughter had no significance apart from facilitating the GSI. The two offenses were not of dissimilar import, were not committed separately, and were not motivated by a separate animus. Accordingly, we find that it was plain error not to merge the GSI and abduction offenses and affirm Mr. Merz's first assignment of error.

\* \* \*

{¶18} In his second and third assignments of errors, Mr. Merz challenges the trial court's imposition of maximum and consecutive sentences. Because we affirm his allied-offenses challenge, we decline to resolve these assignments of error as moot. We therefore vacate both sentences and remand this cause for resentencing so that the state may choose which offense to pursue. *See State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraph two of the syllabus.

Judgment reversed and cause remanded.

**MYERS, P. J.,** and **BOCK, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion

10