THE STATE OF OHIO, APPELLEE, *v.* WARE, APPELLANT.

[Cite as State v. Ware (1980), 63 Ohio St. 2d  84.]

(No. 79-1204—Decided July 9, 1980.)

Mr. *Stephen M. Gabalac,* prosecuting attorney, and *Mr. Carl M. Layman, III,* for appellee.

Mr. *J. Tullis Rogers* and *Mr. Harry Reinhart,* for appellant.

*Per Curiam.* The sole question raised by this cause is whether appellant's conviction for kidnapping is barred by the provisions of R. C. 2941.25.[3] Appellant's challenge to his conviction for kidnapping is grounded upon the assertion that the circumstances of this cause could give rise to but a single animus during the described conduct, and that the restraint, force, and asportation of the victim substantiating the kidnapping conviction were merely incidental to the rape offense. Ap-

---

[3] R. C. 2941.25 provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

pellant argues that *State* v. *Donald* (1979), 57 Ohio St. 2d 73, 386 N.E. 2d 1341, precludes his being multiply punished for both offenses.

In *State* v. *Roberts* (1980), 62 Ohio St. 2d 170, 405 N.E. 2d 247, this court acknowledged that, with the enactment of R. C. 2941.25, the General Assembly codified the judicial doctrine of merger, *State* v. *Thomas* (1980), 61 Ohio St. 2d 254, 400 N.E. 2d 897, and prohibited the "cumulative punishment of a defendant for the same criminal act where his conduct can be construed to constitute two statutory offenses, when, in substance and effect, only one offense has been committed." *State* v. *Roberts, supra,* at pages 172-173.

Paragraph five of the syllabus in *State* v. *Price* (1979), 60 Ohio St. 2d 136, 398 N.E. 2d 772, provides:

"A rape conviction, pursuant to R. C. 2907.02(A)(1), and a kidnapping conviction, pursuant to R. C. 2905.01(A)(4), are allied offenses of similar import within the meaning of R. C. 2941.25(A), and cannot be punished multiply when they are *neither committed separately nor* with a separate animus as to each within the meaning of R. C. 2941.25(B). (*State* v. *Donald,* 57 Ohio St. 2d 73, and *State* v. *Logan,* 60 Ohio St. 2d 126, approved and followed.)" (Emphasis added.)

It is clear, therefore, that the question of separate animus is not the sole focus of our inquiry in cases of this nature.

In *Price, supra,* this court noted the circumstances under which R. C. 2941.25 proscribes multiple convictions for the offenses of kidnapping and rape,[4] and barred a conviction for kidnapping because the defendant neither committed a separate offense nor had a separate animus during the commission of the offenses. It was found that the restraint and asportation of the victim necessary to substantiate the kidnapping offense were not distinct from the rape, either in time or function,[5] *State* v. *Price, supra,* at page 143.

*Price* observes that the defendant's forcible asportation of

---

[4] Recently in *State* v. *Donald, supra* (57 Ohio St. 2d 73), this court stated that "[k]idnapping, as defined by R. C. 2905.01(A)(4), is an 'offense of similar import' to rape, as defined by R. C. 2907.02(A)(1) for purposes of application of R. C. 2941.25(A)." See, however, fn. 3 in that case, at page 75.

[5] *State* v. *Logan* (1979), 60 Ohio St. 2d 126, 397 N.E. 2d 1345, deals only with the determination of separate animus under R. C. 2941.25(B), *supra.*

his victim was to an area within close proximity of the initial confrontation, and was for the purpose of moving her to a place where the rape could be accomplished without detection. In essence, the court found the distance to be spatially insubstantial, and the movement purely incidental to the singular purpose of committing a rape.

The victim in the cause at bar was forcibly moved from the lower level of appellant's residence into the upstairs bedroom, and, if these were the only facts before the court, it could be necessary to reverse appellant's kidnapping conviction. However, R. C. 2941.25(B) provides for conviction for both kidnapping and rape where these "same or similar" offenses are committed separately.

Under the facts at bar, we conclude that there was an act of asportation by deception which constituted kidnapping, and which was significantly independent from the asportation incidental to the rape itself. The two crimes were committed separately. See *State* v. *Frazier* (1979), 58 Ohio St. 2d 253, 389 N.E. 2d 1118. See, also, *State* v. *Holt* (1977), 223 Kan. 34, 574 P. 2d 152; *State* v. *Colbert* (1976), 221 Kan. 203, 557 P. 2d 1235; *Perry* v. *State* (1976), 265 Ind. 21, 349 N.E. 2d 141; *Bowen* v. *State* (1975), 263 Ind. 558, 334 N.E. 2d 691; *State* v. *Gough* (1962), 257 N.C. 348, 126 S.E. 2d 118; Annotation, 95 A.L.R. 2d 450.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN and SWEENEY, JJ., concur.

HOLMES, J., dissenting.

LOCHER, J., not participating.

HOLMES, J., dissenting.  Despite the fact that this cause was briefed and argued by the parties solely on the issue of whether appellant possessed a separate animus to commit kidnapping, the court today sustains appellant's multiple convictions on an entirely separate basis—that the offenses were committed separately. Because I strongly disagree with the majority's analysis, I am compelled to dissent.

The majority correctly points out that allied offenses of similar import may be separately punished if they are either committed separately or committed with a separate animus as to each. *State* v. *Logan* (1979), 60 Ohio St. 2d 126; *State* v. *Price* (1979), 60 Ohio St. 2d 136. The majority then proceeds to divide appellant's single continuous course of conduct into discrete components in order to reach the conclusion that appellant committed the kidnapping and rape separately.

In my opinion, appellant's actions formed a single, indivisible course of conduct which had, as its sole purpose, the effectuation of the rape. Indeed, if appellant did not have a purpose, at the outset, to rape the victim, then he did not commit kidnapping within the meaning of R. C. 2905.01(A)(4).

The case *sub judice* is clearly distinguishable from *State* v. *Frazier* (1979), 58 Ohio St. 2d 253. In *Frazier,* the defendant administered a beating to a robbery victim which was separate and apart from the force necessary to accomplish the burglary, and which was distinct therefrom in time and function. In the case at bar, however, all appellant's actions were carried out for the same purpose—the rape of the victim—and were functionally equivalent.

Because appellant has been convicted for two allied offenses of similar import arising from the same transaction and committed for the same purpose, I would reverse the judgment of the Court of Appeals.