805 F.2d 1033
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry BUFORD, Petitioner-Appellant,
v.
E.P. PERINI, Respondent-Appellee.
 No. 85-3862.
 United States Court of Appeals, Sixth Circuit.
 Oct. 10, 1986.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This Ohio state prisoner appeals from a district court judgment adopting the Magistrate's report and recommendation to dismiss petitioner's habeas corpus petition filed under 28 U.S.C. Sec. 2254. Petitioner sought to attack his 1983 jury conviction of rape for which he was sentenced to serve six to twenty-five years imprisonment. His conviction was affirmed on appeal; and the Ohio Supreme Court declined review.
 
 
 2
 Petitioner asserted nine issues in his habeas petition, claiming: 1) wrongful exclusion of his wife's testimony; 2) wrongful denial of bond on the third day of his trial; 3) inconsistent jury verdicts finding him guilty of rape yet not guilty of kidnapping; 4) insufficient evidence; 5) failure to instruct on a lesser included offense; 6) denial of a speedy trial; 7) denial of counsel of his own choice; 8) erroneous jury instructions; and, 9) wrongful denial of his motion for a new trial based on newly discovered evidence.
 
 
 3
 The respondent filed a return of writ; and petitioner filed a detailed traverse. The Magistrate reviewed the cause, but apparently overlooked the petitioner's traverse as he failed to mention it in his report. The Magistrate recommended dismissal on the merits. Petitioner filed objections to the report as to grounds one, five and seven. Upon de novo review, the district court dismissed petitioner's suit.
 
 
 4
 On appeal, petitioner argues it was error for the Magistrate and the district court to ignore his traverse.
 
 
 5
 Since petitioner failed to file objections to the Magistrate's report and recommendation as to six of his nine issues, although warned that failure to do so would result in waiver of his appellate rights, the petitioner waived his right to raise those issues not contained in his objections to the Magistrate's report. See Thomas v. Arn, 106 S.Ct. 466 (1985); Wilson v. McMacken, 786 F.2d 216, 218 (6th Cir.1986). However, in the interest of achieving substantial justice in this case, and because the district court failed to consider this pro se litigant's traverse, this Court also concludes upon the merits of all the petitioner's grounds that his petition was properly dismissed.
 
 
 6
 As to his first issue, the petitioner was not denied a fundamentally fair trial by the court's order refusing to allow the wife to testify. Cf. Duffel v. Dutton, 785 F.2d 131, 133 (6th Cir.1986); Logan v. Marshall, 680 F.2d 1121, 1123 (6th Cir.1982). Although the wife was given permission to remain in the courtroom, permission was granted without the court knowing that the wife was later to be called as a witness. All the known witnesses had been excluded from the courtroom. After the petitioner decided to call his wife, she remained in the courtroom. There was also no proffer of her testimony; and she apparently knew nothing about the alleged rape anyway when the petitioner and the neighbor came home. The jury was, nonetheless, informed that the victim chose not to complain about the alleged rape until the next morning.
 
 
 7
 Petitioner secondly claims that the trial court illegally denied him release on a bond on the third day of his trial. This is a state law issue; it cannot, therefore, serve as the basis for federal habeas corpus relief. Cf. Spalla v. Foltz, 788 F.2d 400, 405 (6th Cir.1986).
 
 
 8
 Thirdly, petitioner claims it was a violation of due process and the double jeopardy clause to have the jury find him guilty of rape yet not guilty of kidnapping. This claim is also without merit and is in fact a non sequitur. The Ohio Legislature has enacted a merger statute which requires a jury to find a defendant guilty of only rape or kidnapping when it appears the crimes were not committed separately or with independent animus. See State v. Ware, 63 Ohio St.2d 84, 406 N.E.2d 1112 (1980); State v. Logan, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979). In the instant case, the jury's verdict actually protected the petitioner's right against being convicted and punished twice for the same offense. See Ohio v. Johnson, 467 U.S. 493 (1984).
 
 
 9
 Fourthly, petitioner believes his rape conviction lacks sufficient evidence. The recitation of the facts in this case reported by the state court of appeals is presumed correct because petitioner has not shown by convincing evidence that the facts are erroneous. Brown v. Davis, 752 F.2d 1142, 1147 (6th Cir.1985); Haggins v. Warden, Fort Pillow State Farm, 715 F.2d 1050, 1055 (6th Cir.1983), cert. denied, 464 U.S. 1071 (1984). Upon review of the facts, it is clear that sufficient evidence does support petitioner's conviction. Jackson v. Virginia, 443 U.S. 307 (1979); Brown v. Davis, 752 F.2d at 1144. The primary issue in the case was one of consent. The petitioner claimed the victim consented and the victim claimed forced submission to sexual intercourse. Direct evidence was received by the jury; the jury chose to believe the victim. Its resolution of this issue was apparently based upon its determination of the credibility and demeanor of the witnesses. Such determinations are entitled to "special deference" in habeas corpus proceedings. Patton v. Yount, 467 U.S. 1025 (1984); Brown v. Davis, 752 F.2d at 1147.
 
 
 10
 Fifthly, petitioner claims he was denied a jury instruction on several lesser included offenses of rape. With the primary issue in this case concerning the consent of the victim, it is clear the evidence did not warrant the instruction as there was no other basis for the jury to have a reasonable doubt as to whether the petitioner committed the crime of rape or any other lesser included offense. Cf. Ferrazza v. Mintzes, 735 F.2d 967 (6th Cir.1984); O'Guin v. Foltz, 715 F.2d 397 (6th Cir.1983).
 
 
 11
 For his sixth claim, petitioner argues he was denied a speedy trial under Ohio law. This claim is also without merit as petitioner served as the primary reason for the delays, the prosecution did not intend to gain tactical advantage by the delays, and the petitioner has not shown to have suffered any prejudice from the delays. Payne v. Rees, 738 F.2d 118 (6th Cir.1984); United States v. VanDyke, 605 F.2d 220, 226 (6th Cir.), cert. denied, 444 U.S. 994 (1979). The delays were in part caused by petitioner's failure to appear for the initial trial date and by his request to have different counsel be appointed.
 
 
 12
 For his seventh claim, petitioner argues that he was denied counsel of his own choosing. His retained counsel was relieved by the trial court during the trial upon petitioner's request that he be allowed to proceed pro se. The same counsel was then appointed by the trial court as petitioner's legal advisor. This claim is also without merit. A criminal defendant does not have the right to counsel of his own choosing. United States v. McConnell, 749 F.2d 1441, 1450 (10th Cir.1984); United States v. Udey, 748 F.2d 1241, 1242-43 (8th Cir.1984), cert. denied, 105 S.Ct. 3477 & 3478 (1985). The trial court was solicitous to petitioner's request while still endeavoring to keep decorum and maintain the trial in an orderly fashion.
 
 
 13
 For his eighth claim, petitioner alleges that the trial court referred to his charge as the crime of rape in his instructions to the jury. This reference allegedly preempted the jury's role as finder of fact. The state court of appeals stated that the trial court merely stated what the petitioner was charged with prior to actually instructing the jury. With the petitioner only complaining of this passing reference to the charge as a crime without also attacking the instructions as erroneous as a whole, it is clear the reference did not render petitioner's trial fundamentally unfair. Cf. Wood v. Marshall, 790 F.2d 865, 868-69 (6th Cir.1986); Thomas v. Arn, 704 F.2d 865, 868-69 (6th Cir.1983). Petitioner likewise failed to object to the jury instructions as is required under Ohio law to preserve the issue on appeal. However, because the court of appeals rejected the claim on the merits without relying on this procedural default, the petitioner cannot be said to have waived this frivolous claim. McBee v. Grant, 763 F.2d 811, 813 (6th Cir.1985).
 
 
 14
 Finally, for his ninth claim, petitioner argued that the trial court wrongfully denied his motion for a new trial. This claim was denied because the motion was not supported by newly discovered evidence in the opinion of the state court's. A review of the motion does confirm this conclusion. Petitioner sought a new trial claiming a denial of a speedy trial, denial of wife's testimony, violation of double jeopardy, drug dependency and inadequacy of counsel. Furthermore, the denial of petitioner's post-trial motion is simply a matter of state law which cannot serve as a basis for federal habeas corpus relief. Spalla v. Foltz, supra.
 
 
 15
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.