DECISION AND JOURNAL ENTRY
Defendant Randall Fields has appealed from his conviction and sentence for one count of rape and one count of kidnapping. This Court affirms.
 I.
Defendant was indicted by the Wayne County Grand Jury on one count of rape and one count of kidnapping. The charges arose from an incident that occurred on May 30, 1999, during which Defendant was alleged to have chased the victim down a country lane while he was naked. When Defendant caught up with her, he hit her in the face twice, knocking her glasses off. Next, he grabbed her by the neck and choked her, demanding that she get down on her knees and attempted to force her to perform oral sex on him. When she refused to do so, he forced her to the ground and forcibly engaged her in vaginal intercourse. Defendant pleaded not guilty to the charges, and the matter was set for a jury trial.
One day prior to trial, Defendant moved the trial court to continue the trial to a later date to allow Defendant to explore the possibility of retaining or consulting an expert on the subject of DNA evidence. The trial court denied the motion. At the conclusion of the trial in this matter, the jury found Defendant guilty on both counts, and the trial court sentenced him accordingly. Defendant timely appealed, asserting three assignments of error.
 II. A. Assignment of Error No. 1 [Defendant's] constitutional right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and Article One Section 16 of the Ohio Constitution was violated and his defense prejudiced by the trial court's denial of his motion to continue.
 In his first assignment of error, Defendant has asserted that the trial court abused its discretion when it denied his motion for a continuance. He has asserted that the denial of the motion deprived him of the opportunity to properly defend against the DNA evidence introduced by the prosecution at trial. This Court disagrees.
The trial in this matter was set to begin on October 15, 1999. On October 14, 1999, Defendant moved the trial court to continue the trial to enable him to prepare a defense against DNA results that he had received less than one week prior to trial. On the morning of trial, the court noted that as of 4:15 p.m. on October 14, 1999, Defendant was unsure whether he would actually undertake to have the test reviewed. As such, the trial court denied the motion.
The State has asserted that the trial court did not abuse its discretion by denying the motion. The State has contended that, because samples of Defendant's blood were taken in July 1999, he was aware of the likelihood of genetic analysis at least three months prior to the commencement of trial. Additionally, the State has maintained that, more than six weeks prior to trial, Defendant received the results of the DQ Alpha Poly Marker test, which revealed a match with Defendant's DNA profile that was consistent with only one in 1,140 of the Caucasian population. The State further maintained that, ten days prior to trial, Defendant was provided with the results of Short Tandem Repeat (STR) analysis, which revealed that a match with Defendant's DNA profile was consistent with only one in 131 quadrillion.
The decision of whether to grant a continuance is a matter within the sound discretion of the trial court. State v. Unger
(1981), 67 Ohio St.2d 65, syllabus. When determining whether a trial court abused its discretion, the following factors should be considered: 1) the length of the delay requested; 2) prior continuances; 3) inconvenience; 4) the reasons for the delay; 5) whether the defendant contributed to the delay; and 6) other relevant factors. State v. Landrum (1990), 53 Ohio St.3d 107,115, certiorari denied (1991), 498 U.S. 1127, 112 L.Ed.2d 1196. To constitute an abuse of discretion, a trial court's action must have been arbitrary, unreasonable, or unconscionable. State v.Bresson (1990), 51 Ohio St.3d 123, 129.
In this case, Defendant did not state a desired length of time sought for the continuance. Defendant had sought and received at least one prior pre-trial continuance. The motion for a continuance was not made until the day before trial. The State had subpoenaed eighteen witnesses to testify at the trial the next day.
Further, Defendant knew in July 1999, that the State was conducting DNA testing. Despite this knowledge, Defendant did not attempt to obtain an expert witness to observe the testing or to review the report upon its completion. Additionally, even at the time he requested the continuance, Defendant was unsure whether an independent evaluation would even be necessary. An appellant court can not reverse the denial of a continuance when the stated need is to pursue merely speculative evidence and when the Defendant has had sufficient time to prepare his case. See Statev. Claytor (1991), 61 Ohio St.3d 234, 241. As such, the trial court did not abuse its discretion when it denied Defendant's request for a continuance. Defendant's first assignment of error is overruled.
 B. Assignment of Error No. 2 [Defendant's] constitutional right to effective assistance of trial counsel under the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution was violated, and his defense prejudiced, by trial counsel's failure to object to expert testimony regarding statistical frequency as it related to the testimony regarding DNA evidence, the failure of defense counsel to effectively cross-examine the prosecution's DNA experts and to timely retain the services of a DNA expert, defense counsel's failure to object to prejudicial other acts evidence, and defense counsel's failure to request a limiting instruction on the use of other-acts evidence.
 In his second assignment of error, Defendant has asserted that his trial counsel was ineffective for his failure to: 1) object to testimony regarding statistical frequency of the occurrence of the identical DNA composition in the Caucasian community; 2) vigorously cross-examine the State's DNA expert witness and to timely obtain an expert witness to testify on the behalf of the defense; and 3) object to other acts testimony and failure to request a limiting instruction on the use of other acts evidence.
A properly licensed attorney in Ohio is presumed competent.State v. Smith (1985), 17 Ohio St.3d 98, 100. The burden of proving counsel's ineffectiveness, therefore, is on the defendant.Id. A defendant is denied effective assistance of counsel when his attorney's performance falls below an objective standard of reasonable representation and the defendant is prejudiced as a result. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To show prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus.
At trial, two witnesses testified regarding DNA testing that was performed and the statistical meaning of these test results. Defendant's counsel cross-examined both witnesses on the issue of the reliability of the tests and the possibilities of errors in the statistical results. As to the statistical results, one of the witnesses testified that she was not a statistician; however, statisticians had published the figures she relied upon in making her determination. Defendant, however, has asserted that his trial counsel's failure to object to that testimony on the grounds that the witness was not an expert in the field of statistics constituted ineffective assistance of counsel.
Trial counsel's failure to call an expert witness for the defense and instead rely on cross-examination of the State's expert witness does not constitute ineffective assistance of counsel. State v. Nicholas (1993), 66 Ohio St.3d 431, 436. Further, the Ohio Supreme Court has determined that DNA results constitute reliable evidence. Id. at 436-437. Therefore, "the failure to challenge the admissibility of such evidence cannot be considered ineffective assistance of counsel." Id. at 437. The jury has the duty of weighing the evidence, making credibility determinations and deciding the facts in a given case. See Statev. Nicely (1988), 39 Ohio St.3d 147, 156. The jury was aware that the witness was not a statistician. As such, the jury was free to conclude whether the evidence was reliable or misleading.
With respect to the other acts evidence, Defendant has asserted his counsel was ineffective for failing to object to or limit the admission of other acts testimony. Defendant has asserted that his trial counsel's failure to object to the testimony offered by Mary Miller, Betty Yoder, and Sam Troyer prejudiced him because of the inherent risk of the jury concluding that he was a "bad man" or had a propensity to commit crime. Further, Defendant has argued that his trial counsel should have requested an instruction on the appropriate use of the testimony. This Court disagrees.
In the case at bar, Mary Miller and Betty Yoder testified that while they were walking a man driving a tan, four-door vehicle slowed down and approached them. The women observed that the fender was a different color from the vehicle. The man was not wearing a shirt and yelled out "hey girls." At trial, the women identified the man in the vehicle as Defendant. Sam Troyer also testified that he saw the same vehicle driving around the area on the day in question. After the second sighting, Mr. Troyer memorized the license plate because he thought that the vehicle was suspicious. Mr. Troyer identified Defendant as the man driving the vehicle.
Trial counsel's decision not to object to other acts evidence is a tactical decision that does not constitute ineffective counsel. State v. Brown (1988), 38 Ohio St.3d 305, 319. In addition, the decision not to request a limiting instruction is a matter of trial strategy and does not establish ineffective assistance of counsel. See State v. Griffie (1996), 74 Ohio St.3d 332,333. In short, trial counsel's performance did not fall below an objective standard of reasonableness, and Defendant's second assignment of error is overruled.
 C. Assignment of Error No. 3 The trial court erred as a matter of law when it held that the offenses of rape and kidnapping were not allied offenses of similar import pursuant to R.C. 2941.25.
 In his third assignment of error, Defendant has asserted that the trial court erred when it found that rape and kidnapping were not allied offenses of similar import. This Court disagrees.
The Double Jeopardy Clause of the United States Constitution protects criminal defendants from multiple punishments for the same offense. State v. Rance (1999), 85 Ohio St.3d 632, 634. The General Assembly has reinforced the principles and concepts contained in the Double Jeopardy Clause through R.C. 2941.25. R.C. 2941.25 provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
 In applying R.C. 2941.25, the Ohio Supreme Court has given the following guidelines for analyzing the crimes to determine if they constitute allied offenses:
 If the elements of the crimes "correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import." * * * If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends the multiple convictions are permitted.
(Citations omitted.) Rance, 85 Ohio St.3d at 636.
Pursuant to the requirements of the analysis, the elements of the crimes must be compared to determine the interrelation and similarity of the offenses. Id. at 636. The determination of whether two offenses are of similar import is limited to an objective analysis of the statutory provisions at issue to determine whether the elements of the charged offenses "correspond to such a degree that the commission of one crime will result in the commission of the other[.]" State v. Blankenship (1988),38 Ohio St.3d 116, 117. The elements should be compared in the abstract rather than in the context of the particular case in order to produce "clear legal lines capable of application in particular cases." Rance, 85 Ohio St.3d at 636, quoting KumhoTire Co., Ltd. v. Carmichael (1999), 526 U.S. ___, ___,143 L.Ed.2d 238, 250.
If the elements of the statutes do not correspond to this degree, "the offenses are of dissimilar import and the court's inquiry ends — the multiple convictions are permitted." Rance,85 Ohio St.3d at 636. If the trial court determines that two offenses are allied offenses of similar import, it must proceed to examine the facts of the case and the defendant's conduct to determine whether the crimes were committed separately or with a separate animus. Blankenship, 38 Ohio St.3d at 117. If offenses of similar import are committed separately or with a separate animus, a defendant may be punished for both. Rance,85 Ohio St.3d at 636; R.C. 2941.25(B).
Defendant was convicted of both kidnapping and rape. Defendant and the State have both conceded that the convictions for kidnapping and rape are allied offenses of similar import. Further, this Court has previously noted that kidnapping and rape are allied offenses of similar import. State v. Ali (Apr. 28, 1999), Summit App. No. 19119, unreported, at 5. Kidnapping is "implicit within every forcible rape." State v. Mitchell (1983),6 Ohio St.3d 416, 418.
This Court must, therefore, determine whether the crimes were committed separately or with a separate animus. The Ohio Supreme Court has held that with regard to kidnapping and another offense:
 (a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;
 (b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in the risk of harm separate and apart from that involved in the underlying crime * * *.
 State v. Logan (1979), 60 Ohio St.2d 126, paragraph 5 (a) and (b) of the syllabus. However, R.C. 2941.25(B) allows convictions for both kidnapping and rape when they are committed separately. See, e.g., State v. Ware (1980), 63 Ohio St.2d 84, 87.
Under the facts in this case, this Court concludes that the offenses of kidnapping and rape were committed separately. There was one act that constituted kidnapping and one act that was significantly independent from the kidnapping which was incidental to the rape itself. Defendant initially kidnapped the victim by forcing her to her knees and attempting to force her to perform oral sex. When he could not get the victim to comply, Defendant then vaginally raped her. Accordingly, Defendant could be convicted of both crimes. Defendant's third assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
___________________________ BETH WHITMORE