{¶ 60} I respectfully dissent in part from the majority's opinion, specifically its reversal based upon Lipscomb's fourth assignment of error: "The trial court erred by ordering convictions and consecutive sentences for separate counts because the offenses are allied offenses pursuant to R.C. 2941.25 and they are part of the same transaction under R.C. 2929.14."
 {¶ 61} The trial court sentenced Lipscomb to two consecutive life terms for the rape convictions and a nine-year term of incarceration for the kidnapping charges, to be served consecutive to the life terms.
 {¶ 62} Lipscomb argues, and the majority agrees, that his convictions for kidnapping should be merged with his convictions for rape because the kidnapping and rape offenses are allied offenses of similar import and they are part of the same transaction. The majority cites toState v. Logan (1979), 60 Ohio St.2d 126, in support of its holding that the restraint or movement of the victims in the instant case was merely incidental to rape and that the restraint or movement did not have a *Page 14 
significance independent of the rape.
 {¶ 63} I do not agree that Lipscomb's restraint or movement of the victims was merely incidental to the crime of rape. See Logan. Nor do I agree that there lacks a separate animus for commission of kidnapping and rape in the instant case. See Logan.
 {¶ 64} "[U]nder R.C. 2905.01(A), where a victim under thirteen is restrained, the use of `force, threat, or deception' is not an element of the crime. Merely by keeping [the victim] with him, he restrained [the victim], whether he used physical force or not." State v.Powell (1990), 49 Ohio St.3d 255. "[U]nder this section [R.C. 2905.01] it makes no difference whether the child * * * voluntarily accompanies the kidnapper or submits to restraint." Powell; citing Legislative Service Commission Comment to R.C. 2905.01.
 {¶ 65} Regarding both A.C. and S.C., the children were under age thirteen during the time at issue. Lipscomb lured each child from another room in the house, intentionally separated the children from his or her siblings and others, confined the children by secreting them to a private bedroom, and shut the bedroom door to prevent the children from leaving and to prevent others from entering. In doing so, Lipscomb's restraint of his victims was not merely incidental to committing rape and there existed a separate animus as to each offense sufficient to support separate convictions. See State v. Ware (1980), 63 Ohio St.2d 84
(kidnapping upheld as a separate offense where defendant lured child from the lower level of the offender's *Page 15 
home into an upstairs bedroom); State v. Eismon, Fifth Dist. No. 06-CA-15, 2007-Ohio-4121 (kidnapping upheld as a separate offense where defendant lured his granddaughter to the garage of his home).
 {¶ 66} I would overrule Lipscomb's fourth assignment of error and affirm the judgment of the trial court. *Page 1