O’Donnell, J.,
concurring separately.
{¶ 72} In this case, the court is presented with the opportunity to reconsider our allied-offenses jurisprudence. I concur in the determination that this court’s decision in State v. Rance (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, should be overruled and agree with the majority that the court’s current test of comparing the elements of offenses in the abstract when determining whether two or more offenses are allied offenses of similar import has proven unworkable.
{¶ 73} In accordance with the express language of R.C. 2941.25, the conduct of a defendant should be considered in determining whether two or more offenses constitute allied offenses of similar import.
{¶ 74} R.C. 2941.25 provides:
{¶ 75} “(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
{¶ 76} “(B) Where the defendant’s conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.”
{¶ 77} In State v. Rance, the court articulated a new test for determining pursuant to R.C. 2941.25 whether two or more offenses are allied offenses of similar import, which instructed courts to compare the statutory elements of the offenses in the abstract, and modified our former analysis in Newark v. Vazirani (1990), 48 Ohio St.3d 81, 83, 549 N.E.2d 520, in which we compared the elements of the offense by reference to the particular facts alleged in the indictment (“Given the facts of this case, we find that [the two crimes charged are allied offenses of similar import]”).
{¶ 78} Focusing on the elements of an offense in the abstract, without considering the defendant’s conduct, has proven to be unworkable and has *168 resulted in widespread confusion in the legal community among practitioners and members of the judiciary, spawning litigation to resolve this issue. That test fails to comport with the express statutory language of R.C. 2941.25(A), which directs courts to consider whether “the same conduct by defendant can be construed to constitute two or more allied offenses of similar import” (emphasis added), and R.C. 2941.25(B), which directs courts to consider whether the defendant’s conduct constitutes two or more offense of dissimilar import or whether his conduct results in two or more offenses of the same or similar kind, committed separately or with separate animus. Thus, the proper inquiry is not whether the elements align in the abstract as stated in Ranee but, rather, whether the defendant’s conduct, i.e., the actions and behavior of the defendant, results in the commission of two or more offenses of similar or dissimilar import or two or more offenses of the same or similar kind committed separately or with a separate animus as to each. See Black’s Law Dictionary (9th Ed.2009) 336 (“conduct” defined as “[pjersonal behavior, whether by action or inaction”).
{¶ 79} Consider the crimes of rape and kidnapping, for example. The elements of the two crimes are different. Rape, as defined in R.C. 2907.02(A)(2), is committed when a defendant engages in sexual conduct with another and the defendant purposefully compels the other person to submit by force or threat of force. Kidnapping, as defined in R.C. 2905.01(A)(4), is committed when by force, threat, or deception, or, in the case of a victim under the age of 13 or mentally incompetent, by any means, a defendant removes another from the place where the other person is found or restrains the liberty of the other with the purpose to engage in sexual activity with the victim against the victim’s will.
{¶ 80} Inevitably, every rapist necessarily kidnaps the victim, because the conduct of engaging in sexual conduct by force results in a restraint of the victim’s liberty. Thus, in those circumstances, the conduct of the defendant can be construed to constitute two offenses — rape and kidnapping — and an indictment may contain counts for each, but the defendant may be convicted of only one.
{¶ 81} In a different factual situation, however, if the state presented evidence that a defendant lured a victim to his home by deception, for example, and then raped that victim, an indictment may contain separate counts for the rape and for the kidnapping. In this hypothetical, different conduct — the luring of the victim by deception and the separate act of rape — results in two offenses being committed separately; therefore, the indictments may contain counts for both offenses and the defendant may be convicted of both.[5] See, e.g., State v. Ware (1980), 63 Ohio St.2d 84, 17 O.O.3d 51, 406 N.E.2d 1112 (the defendant could be *169 convicted of both kidnapping and rape because he lured the victim to his home by deception before raping her).
Joseph T. Deters, Hamilton County Prosecuting Attorney, and Phillip R. Cummings, Assistant Prosecuting Attorney, for appellee.
Law Offices of Ravert J. Clark and Lindsey R. Gutierrez, for appellant.
Ron O’Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Assistant Prosecuting Attorney, urging affirmance for amicus curiae Franklin County Prosecuting Attorney.
Timothy Young, Ohio Public Defender, and Jeremy J. Masters, Assistant Public Defender, urging reversal for amicus curiae Ohio Public Defender.
{¶ 82} Thus, the one-size-fits-all Ranee test directing an abstract comparison of elements failed to consider factual differences in the manner of commission of the offenses because it never factored the conduct of the actor and never allowed two offenses to be allied in some cases but not allied in other cases.[6]
{¶ 83} For the reasons stated, I concur in the decision to reverse and remand this matter for further consideration, and I concur in the syllabus.
Lundberg Stratton, J., concurs in the foregoing opinion.

. Of course, it would be possible to indict on two counts of kidnapping, one for luring the victim and one for the rape itself.

. When the court decided State v. Adams, 103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29, ¶ 89, which involved whether kidnapping and rape were allied offenses of similar import, the court concluded that the offenses were committed with the same animus and thus should have merged, but the opinion never cited Ranee. Appellate courts have since noted the absence of Ranee and the difficulty of its application. See In re Rashid, 163 Ohio App.3d 515, 2005-Ohio-4851, 839 N.E.2d 411, ¶ 24-25 (declining to apply Ranee after State v. Adams and noting, at ¶ 33, that “[u]nder the Ranee analysis, [the defendant] could never successfully claim, regardless of the facts of his case, that kidnapping and rape are allied offenses of similar import”); State v. Greathouse, 2d Dist. No. 21536, 2007-Ohio-2136, 2007 WL 1297181, ¶ 38 (after State v. Adams, “Mounts have questioned whether Ranee is still the correct method for deciding if crimes are allied offenses”).